FILED
MCLENNAN COUNTY
4/17/2015 4:55:39 PM
JON R. GIMBLE
DISTRICT CLERK
**Laura Higgins**

NO. 2015-1453-5

| | | |
|---|---|---|
| LESLEY CORVIN<br>Plaintiff, | § § § | IN THE DISTRICT COURT |
| V. | § § | 414TH JUDICIAL DISTRICT |
| STATE AUTO PROPERTY &<br>CASUALTY INSURANCE COMPANY<br>Defendant. | § § § § | OF MCLENNAN COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Lesley Corvin, hereinafter called Plaintiff, complaining of and about STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY, hereinafter called Defendant, and for cause of action shows unto the Court the following:

#### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 2.

#### PARTIES AND SERVICE

2. Plaintiff, Lesley Corvin, is an Individual whose address is 806 N. College St., West, Texas 76691.

3. Defendant STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY, a Nonresident Corporation, may be served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code by serving the registered agent of the corporation, **Corporation Service Company, at 211 East 7th Street Suite 620, Austin TX 78701-3218**, its registered office. Service of said Defendant as described above can be effected by personal delivery.




EXHIBIT A-1

## JURISDICTION AND VENUE

4.   The subject matter in controversy is within the jurisdictional limits of this court.

5.   Plaintiff seeks:

   a.   monetary relief over $200,000 but not more than $1,000,000.

6.   This court has jurisdiction over Defendant STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY, because said Defendant purposefully availed itself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

7.   Plaintiff would show that Defendant STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY had continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendant.

8.   More specifically, Defendant sold a property and casualty property to Plaintiff and maintains continuous operations within the State of Texas as a property insurer.

9.   Venue in McLennan County is proper in this cause pursuant to Section 17.56 of the Texas Business and Commerce Code.

## FACTS

10.   Defendant originally issued its first homeowners' policy to Plaintiff in 2012 after it purchased Beacon Insurance, with whom Plaintiff had been insured for several years. On or about April 17, 2013, the town of West, Texas was rocked by the explosion of a fertilizer plant.

11.   As a result of the aforementioned explosion, Plaintiff's residence was severely

damaged including damage to the ceilings, ceiling fixtures, windows, doors and most significantly, to the foundation.

12. The true cost to repair Plaintiff's residence is in excess of $100,000. Defendant paid a significant amount of money to a 3rd party ("Blackmon-Mooring") for the express purpose of cleaning the contents of Plaintiff's house, and such 3rd party basically packed up the contents of Plaintiff's home, stored them for several months, did not clean them, and then returned them to Plaintiff's home in boxes. The total estimated value of these contents is less than $5,000, but Defendant paid Blackmon Mooring in excess of $30,000.00 to pack out the house and to **not** clean the contents. Defendant has then indicated that such pack-out and storage costs would be credited against Plaintiff's total coverage amount for coverage of the dwelling, which is a misstatement of the terms of the policy.

## DECEPTIVE TRADE PRACTICES

13. Plaintiff would show that Defendant engaged in certain false, misleading and deceptive acts, practices and/or omissions actionable under the Texas Deceptive Trade Practices - Consumer Protection Act (Texas Business and Commerce Code, Chapter 17.41, et seq.), as alleged herein below.

14. Violations of Section 17.46(b). Defendant violated Section 17.46(b) of the Texas Business and Commerce Code, in that Defendant:

(a) represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not; and

(b) represented that an agreement confers or involves rights, remedies, or

obligations which it does not have or involve, or which are prohibited by law.

15. <u>Unfair Claim Settlement Practices</u>. Defendant engaged in unfair claim settlement practices prohibited by Section 541.060 of the Texas Insurance Code, to wit:

(a) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

(b) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

(c) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which the insurer's liability has become reasonably clear to influence the claimant to settle another claim under another portion of the coverage unless payment under one portion of the coverage constitutes evidence of liability under another portion;

(d) failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim; and

(e) refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

16. <u>Producing Cause</u>. Plaintiff would show that the acts, practices and/or omissions complained of were the producing cause of Plaintiff's damages more fully described hereinbelow.

17. <u>Reliance</u>. Plaintiff would further show the acts, practices and/or omissions complained of under Section 17.46(b) of the Texas Business and Commerce Code and Chapter

541 of the Texas Insurance Code were relied upon by Plaintiff to Plaintiff's detriment.

18. <u>Written Notice Given</u>. Plaintiff has timely notified Defendant of such complaint pursuant to Section 17.505(a) of the Texas Business and Commerce Code and Section 541.154 of the Texas Insurance Code by letter dated February 20, 2014, and would show compliance with all conditions precedent to the filing of this suit and recovery of additional damages and attorney's fees.

## BREACH OF CONTRACT

19. Plaintiff would further show that the actions and/or omissions of Defendant described hereinabove constitute breach of contract, which proximately caused the direct and consequential damages of Plaintiff described hereinbelow, and for which Plaintiff hereby sues.

## ECONOMIC AND ACTUAL DAMAGES

20. Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendant described hereinabove:

    (a)    Out-of-pocket expenses

    (b)    Loss of use.

    (c)    Cost of replacement.

    (d)    Diminished or reduced market value.

    (e)    Costs of repairs.

    (f)    Reasonable and necessary engineering or consulting fees.

## DAMAGES FOR MENTAL ANGUISH

21. Plaintiff would further show that the false, misleading and deceptive acts, practices and/or omissions described hereinabove were committed "knowingly," as provided by Section 17.45(9) of the Texas Business and Commerce Code, in that Defendant had actual

awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

22. As a result of such acts, practices and/or omissions, Plaintiff sustained a high degree of mental pain and distress of such nature, duration and severity that would permit the recovery of damages for mental anguish pursuant to Section 17.50(b) of the Texas Business and Commerce Code, and for which Plaintiff hereby sues in an amount in excess of the minimum jurisdictional limits of this Court.

## MULTIPLE DAMAGES

23. As alleged hereinabove, Plaintiff would show that the false, misleading and deceptive acts, practices and/or omissions complained of herein were committed "knowingly" in that Defendant had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

24. Therefore, Plaintiff is entitled to recover multiple damages as provided by 17.50(b)(1) of the Texas Business and Commerce Code.

## EXEMPLARY DAMAGES

25. Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed knowingly, willfully, intentionally, with actual awareness, and with the specific and predetermined intention of enriching said Defendant at the expense of Plaintiff. In order to punish said Defendant for such unconscionable overreaching and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages as provided by Section 41.003(a)(1) of the Texas Civil Practice and Remedies Code.

## ATTORNEY'S FEES

26. Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal

of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) Section 17.50(d) of the Texas Business and Commerce Code; (b) Section 541.152(a)(1) of the Texas Insurance Code; (c) Chapter 38 of the Texas Civil Practice and Remedies Code; and, (d) common law.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Lesley Corvin, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for the economic and actual damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of the Court, together with prejudgment and postjudgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

Respectfully submitted,

HUTSON & HARRIS

By: /s/ *Chris Harris*
    Chris Harris
    Texas Bar No. 24005032
    Email: chrisharris@centraltexaslegal.com
    801 Washington Ave
    Suite 600
    Waco, TX 76701
    Tel. (254) 757-3430
    Fax. (254) 757-3431
    *Attorney for Plaintiff Lesley Corvin*

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**